IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA MOTLEY,<br><br>  Plaintiff,<br><br> v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | No. C 08-2223 SBA (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff Linda Motley filed a pro se civil rights complaint under 42 U.S.C. § 1983. She has been granted leave to proceed in forma pauperis. Her complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

In the complaint in this action, Plaintiff sues the State of California and the "Honorable Retired Judge Mike Nail" for violating her constitutional rights. The complaint alleges that Defendants engaged in wrongful prosecution of Plaintiff for a "crime [she] did not commit." (Compl. at 3.)

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2). A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir. 1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right

secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The complaint has a fatal defect requiring its dismissal. The complaint for damages is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Heck held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. When a prisoner seeks damages in a civil rights action, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of her conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Heck, 512 U.S. at 487.

A decision in favor of Plaintiff would imply the invalidity of her conviction because the alleged wrongful conduct of Defendants caused her to be adjudicated for charges that she contends are false and otherwise infirm. If the charges are determined to be false (which would be necessary for Plaintiff to prevail), the conviction necessarily would be invalidated. Therefore, Heck bars Plaintiff's complaint for damages. The Court further notes that regardless of whether Plaintiff alleges that she is or isn't seeking to invalidate a sentence or conviction, if a conviction or sentence will necessarily be invalidated by a favorable decision to Plaintiff, Heck applies and requires dismissal.

If Plaintiff wishes to challenge her conviction and/or sentence, a petition for writ of habeas corpus is the exclusive method by which she may challenge a state court conviction in this Court. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Before she may file a federal petition, however, Plaintiff must exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue she seeks to raise in federal court. See 28 U.S.C. § 2254(b)(1)(A),(c); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

## **CONCLUSION**

For the foregoing reasons, the complaint fails to state a claim upon which relief may be granted. The complaint is DISMISSED without prejudice to Plaintiff filing a new action if her conviction is ever set aside. The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case.

The Clerk of the Court shall terminate all pending motions (docket no. 7) as moot and close the file.

This Order terminates Docket no. 7.

IT IS SO ORDERED.

DATED: 10/17/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

LINDA MOTLEY,

        Plaintiff,

  v.

STATE OF CALIFORNIA et al,

        Defendant.
                                      /

Case Number: CV08-02223 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 20, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Linda Motley 168175
Department of Corrections,
County of Madera
14191 Road 28
Madera, CA 93638-5721

Dated: October 20, 2008

                                      Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.08\Motley2223.Dismiss-Heck.frm